UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DE'ANDRE CLAY,

      Plaintiff,

      v.                            CAUSE NO. 3:20-CV-400-RLM-MGG

INDIANA DEPT CORRECTIONS, et al.,

      Defendants.

## OPINION AND ORDER

De'Andre Clay, an inmate proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Clay, an inmate at Westville Correctional Facility ("Westville"), claims that since August 2019 he has "identified as . . . Jewish." When he arrived at Westville in early March 2020, he immediately sent a request to Chaplain Marvin Walton requesting to be placed on a Kosher diet. On March 20, he received paperwork from the Chaplain putting him on a Kosher diet. He says his Kosher food trays often contain foods that are cold, and that he has no means of heating

them up. Although a microwave is available for use by the inmates at Westville, Mr. Clay is concerned that using the microwave violates his religious beliefs because other inmates use it to cook non-Kosher foods. He asked the Chaplain if he could have access to a "Kosher" microwave or, alternatively, that he be allowed to have a hot pot in his cell. This request was denied. On March 24, Mr. Clay spoke with John Galipeau, the Warden of Westville, and asked about getting a Kosher microwave. The Warden allegedly responded, "Not at this time. I have too much on my hands right now."

Mr. Clay also complains that the water he is provided does not comply with his religious diet, because it comes from water spouts that have touched "spit, vomit, laundry soap, and non-Kosher foods." He complained to the Chaplain about the water but was told that he should buy bottled water at the commissary. He also complained about the water to Jason English, the food service director for Aramark, the private company that provides meals to inmates at Westville, but didn't get a response. Mr. Clay filed a grievance about the water in early April, and John Havil, a grievance specialist, responded that "[g]uidance from our Rabbi is that ordinary cleaning off of the water taps would keep them Kosher." Mr. Clay claims, however, that the water provided to him does not comply with Kosher rules, placing him in a dilemma about whether to drink it. Based on these events, he sues eleven defendants, including the Indiana Department of Correction, IDOC Commissioner Robert Carter, the Chaplain, the Warden, two Deputy Wardens, Aramark, English, and others. He seeks monetary damages and injunctive relief.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. Vinning-El v. Evans, 657 F.3d 591, 592-593 (7th Cir. 2011). "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 532 (1993). Both the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibit prisons from imposing a substantial burden on an inmate's religious practice, including with respect to a religious diet. *See* 42 U.S.C. § 2000cc-1(a); Holt v. Hobbs, 574 U.S. 352 (2015); Thompson v. Holm, 809 F.3d 376, 380 (7th Cir. 2016).

There is nothing in Mr. Clay's complaint from which it can be plausibly inferred that the defendants are discriminating against Mr. Clay because he is Jewish. He began receiving a Kosher diet when he asked for one. Although "forcing an inmate to choose between daily nutrition and religious practice is a substantial burden," Thompson v. Holm, 809 F.3d at 380, there is nothing in the complaint to suggest that Mr. Clay is getting a nutritionally inadequate diet, or that eating cold foods violates his religious beliefs. He simply doesn't like the temperature of the foods he is being served. His allegations don't state a plausible claim under the First Amendment or RLUIPA. His allegations don't trigger an Eighth Amendment claim: prisoners aren't entitled to food that is tasty, hot, or "even appetizing." Williams v. Berge, 102 Fed. App'x. 506, 507 (7th Cir. 2004); *see also* Lunsford v. Bennett, 17 F.3d 1574, 1578 (7th Cir. 1994).

3

Mr. Clay alleges that the only water he gets is non-Kosher because, among other things, the spout touches non-Kosher foods. He has been told to buy bottled water at the commissary if he doesn't think the water comports with his religious beliefs, but the court of appeal has condemned such a practice. In Jones v. Carter, 915 F.3d 1147, 1150 (7th Cir. 2019), the court affirmed a judgment in favor of an inmate who was instructed by prison staff to buy his own religious meals at the prison commissary. The court observed, "The state is in effect demanding that [plaintiff], uniquely among all inmates, zero out his account and forgo purchasing other items such as hygiene products or over-the-counter medicine, if he wants to avoid a diet that violates his religious beliefs." *Id.* The court further noted that other circuits have also held "that asking prisoners to pay daily for religiously compliant diets was a substantial burden, especially where an inmate was indigent."[1] *Id.*

Mr. Clay has alleged enough to proceed past the pleading stage on a claim under RLUIPA related to the water he is being provided. The Warden, as the official overseeing operations at Westville, has both the authority and the responsibility to ensure that inmates are given the necessary items to practice their religion. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Clay will be permitted to proceed on a claim against the Warden in his official capacity for permanent injunctive relief under RLUIPA related to the provision of

---

[1] Mr. Clay's *in forma pauperis* motion reflects that he has had a zero balance on his inmate trust account for several months and that he has no regular source of income. (ECF 2.)

water that comports with his religious diet. All other defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity for permanent injunctive relief under RLUIPA related to the provision of water that comports with his religious dietary restrictions;

(2) DISMISSES all other claims;

(3) DISMISSES the Indiana Department of Correction, Robert Carter, Jason English, Aramark, John Harvil, Lieutenant Crittendon, Tina Den, Marvin Walton, Kenneth Gann, and Kenneth Watts;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden John Galipeau, and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

6

SO ORDERED on July 7, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT