UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DE'ANDRE CLAY,

    Plaintiff,

    v.                        CAUSE NO. 3:20-CV-400-RLM-MGG

JOHN GALIPEAU,

    Defendant.

OPINION AND ORDER

De'Andre Clay, a prisoner without a lawyer, is proceeding in this case on one claim against "Warden John Galipeau in his official capacity for permanent injunctive relief under [the Religious Land Use and Institutionalized Persons Act ('RLUIPA')] related to the provision of water that comports with his religious dietary restrictions." ECF 5 at 5. Warden Galipeau moved for summary judgment, arguing that Mr. Clay didn't exhaust his administrative remedies before filing suit. Mr. Clay filed a response, and Warden Galipeau filed a reply. Mr. Clay also filed a motion to strike various portions of an affidavit submitted by Warden Galipeau..

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Our court of appeals taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies aren't considered "available" when prison staff hinder an inmate's ability to use the administrative process. *Id.* In essence, "[p]rison

officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id.* at 812.

Warden Galipeau submits grievance records indicating that Mr. Clay submitted a grievance dated March 31, 2020, in association with the alleged provision of non-Kosher water. ECF 22-4 at 2. This grievance was returned as unfiled on April 4, 2020, on the grounds that Mr. Clay was not "personally affected" by the conduct complained of. *Id.* at 1. The "Return of Grievance" form explained "[t]here is no indication you were personally affected [because] you are identified as a General Christian in the Offender Information System." *Id.* Not being affected could be a reason for denying a grievance, but it's not a reason for rejecting it. The Indiana Department of Correction Grievance Policy only requires:

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
> 5. It shall relate to only one event or issue;
> 6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;

3

>   7. It shall explain how the situation or incident affects the offender; and,
>   8. The offender shall suggest appropriate relief or remedy.

ECF 22-2 at 9. The grievance form tells inmates to "Provide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance." *See e.g.* ECF 22-4 at 2. Mr. Clay explained how the situation or incident affected him when he wrote:

> Since my arrival at WCC I have been attempting to get on a Kosher diet as I am Jewish. On March 2020, I sent attached Exhibit "A" to Chaplain Walton and Exhibit "B" to Chaplain Upgrade to get on a Kosher diet as well as receive Kosher water as I noticed other inmates on Kosher including myself were being forced to drink tap water th[at] regularly comes into contact with non-Kosher food, spit, toothpaste, hair and unknown chemicals making that tap water non-Kosher.
>
> On 3-25-2020 at 11 a.m., I was summoned to a meeting with Chaplain Walton [who] told me I was approved for a Kosher diet but it would take a couple weeks to get my card made [and] I would not be [eligible] for a Kosher meal at that time or until I get my card. Chaplain Walton also told me 'to stop sending him request forms asking for Kosher water and that if I wanted Kosher water I can buy bottle water off commissary.' I informed this group that violated [my] rights and is equivalent to a fine for practicing my religion. Lt. Crittendon and Sgt. Doe did not rebuke or stop Chaplain Walton from [attempting] to intimidate me from practicing my religious beliefs which violates IDOC policy . . .
>
> The circumstances described above substantially burden my [sincerely] held religious beliefs to practice nutritionally adequate Kosher diet as bottled water could be given to me when I receive my Kosher trays. I also sent a request form to FSD, Jason English on 3-25-2020 about Kosher water. I have not received a response as of this date.

ECF 22-4 at 7-8.

Mr. Clay's explanation complied with the requirements for explaining how he was affected by being denied Kosher water. Rejecting the grievance because the Grievance Specialist didn't believe him made the grievance system unavailable to

4

Mr. Clay. Because the undisputed evidence shows that the prison hindered Mr. Clay's ability to access the administrative process, Warden Galipeau hasn't carried his burden of proving that Mr. Clay did not exhaust his administrative remedies. *See* King v. McCarty, 781 F.3d at 893; Dole v. Chandler, 438 F.3d at 809. For these reasons, the court DENIES the summary judgment motion (ECF 22). Mr. Clay's motion to strike (ECF 28) is DENIED AS MOOT.

    SO ORDERED June 17, 2021.

        /s/ Robert L. Miller, Jr.
        Judge
        United States District Judge